# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:05 CV 379

| | |
|---|---|
| YVETTE JACKSON-HARLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| JOANNE B. BARNHART, ) | |
| Commissioner Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the Plaintiff's "Motion for Summary Judgment" (Document No. 9), the "Plaintiff's Memorandum in Support of the Motion for Summary Judgment" (Document No. 10) (Plaintiff Motion filed March 24, 2006), the Defendant's "Motion for Summary Judgment (Document No. 11), and the "Defendant's Memorandum in Support of the Motion for Summary Judgment" (Document No. 12) (Defense Motion filed May 15, 2006). This matter is now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned finds that the Commissioner's decision to deny Plaintiff Social Security disability benefits is supported by substantial evidence. Accordingly, the undersigned will **GRANT** Plaintiff's Motion for Summary Judgment, **GRANT** the Commissioner's Motion for Summary Judgment, and **AFFIRM** the Commissioner's decision.

## I. PROCEDURAL HISTORY

On May 9, 2002, the Plaintiff, alleging that she became disabled on July 11, 2001 as a result of scoliosis, status post back surgery, and depression, applied for Social Security disability insurance

benefits and Supplemental Security Income. Plaintiff's claim was initially denied and then denied again on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and this hearing was held on May 10, 2004. On June 15, 2004, the ALJ issued an opinion denying Plaintiff's claim.

Subsequently, Plaintiff filed a Request for a Review of the Hearing Decision. On July 28, 2005, the Appeals Council denied Plaintiff's request for review, making the hearing decision the final decision of the Commissioner.

Plaintiff filed this action on October 6, 2005, and the parties' cross-motions for summary judgment are now ripe for this Court's consideration.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), the Fourth Circuit defined "substantial evidence" as

> being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

Id. (quoting Perales, 402 U.S. at 401).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by

2

substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion.") Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III.  DISCUSSION OF CLAIM

The question before the ALJ was whether at any time prior to July 11, 2001, the Plaintiff became "disabled" as defined for Social Security purposes.[1] The ALJ considered the evidence and concluded in his written opinion that Plaintiff suffers from scoliosis and depression, both of which are "severe" impairments within the regulatory meaning, but that no impairment or combination of impairments meets or medically equals one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4; that Plaintiff has not engaged in substantial gainful activity since the alleged onset of disability; that Plaintiff retains the residual function capacity to perform "sedentary" work

---

[1] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:
> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ....

Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

3

which involves lifting no more than ten pounds at a time and would not require frequent or repetitive bending, balancing or climbing ladders or scaffolds; that Plaintiff is restricted from operating heavy machinery and working in close contact with the public; that Plaintiff was a younger individual at the alleged onset of disability; that Plaintiff has a limited education and no transferable skills from past relevant work; that Plaintiff is not able to return to his past relevant work; but that, based upon his residual functional capacity, Plaintiff could perform work which exists in significant numbers in the national economy. Accordingly, the ALJ concluded that Plaintiff was not disabled as defined for Social Security purposes.

Plaintiff contends that the final decision of both the Commissioner of the Social Security Administration and the ALJ should be reversed, and that the case should be remanded back down for further consideration. The Plaintiff argues that, in the ALJ's ruling, the Judge failed to satisfy the Commissioner's burden of proof by failing to specify in the residual functional capacity assessment the frequency that the Plaintiff would need to alternate sitting and standing. In other words, the Plaintiff claims that the ALJ failed to specify the frequency that the Plaintiff must alternate sitting and standing, and because of the alleged omission, the Plaintiff alleges that the residual functional capacity ("RFC") assessment fails to comply with the SSR 96-8p requirement of describing the maximum amount of each work-related activity that the Plaintiff can perform and the SSR 96-9p requirement that the RFC assessment be specific as to the frequency of the claimant's need to alternate sitting and standing. The Plaintiff argues that the RFC assessment was therefore incomplete, and that remand is warranted for further consideration of both the Plaintiff's RFC and her ability to perform other work.

However, an order of remand for the inclusion of an explanation in the decision as to the

frequency with which the Plaintiff would need to alternate sitting and standing is unnecessary. This is because it is clear that the vocational expert identified jobs which would allow the Plaintiff to alternate sitting and standing at her own discretion. Therefore, the Administrative Law Judge fully complied with the requirements of *Social Security Ruling* 96-9p because the Judge consulted a vocational expert to determine whether other work existed that would allow the Plaintiff to alternate sitting and standing at will. *See Wilkes v. Barnhart*, 2006 WL 149022, at*3 (W.D. Va. Jan. 18, 2006).

Based on the foregoing, the undersigned concludes that substantial evidence supports both the ALJ's findings that the Plaintiff's impairments did not meet a listed impairment and that Plaintiff is not disabled for Social Security purposes.

## IV. ORDER

Accordingly, **IT IS HEREBY ORDERED THAT**

1. Plaintiffs "Motion for Summary Judgment" (Document No. 9), filed March 24, 2006, is **DENIED**; the Defendant's "Motion for Summary Judgment (Document No.12), filed May 15, 2006, is **GRANTED**; and the Commissioner's decision is **AFFIRMED**.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

Signed: July 13, 2007

Graham C. Mullen
United States District Judge